UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GIRARD FLYNN,

    Plaintiff,

v.

YAO COHEN MORGEN, et al.,

    Defendants.

Case No. 23-cv-05082-KAW

**ORDER OF SERVICE**

Plaintiff Girard Flynn, a prisoner at California State Prison Sacramento, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff originally filed his lawsuit in the Eastern District of California, where it was assigned case number 23-cv-02083, and that court transferred it to this Court because the basis of plaintiff's lawsuit is events that took place at San Quentin Rehabilitation Center[1] (SQRC), which is in the Northern District of California. Plaintiff unintentionally filed two identical lawsuits in the Northern District of California, and the duplicate case No. 2023-cv-05168-JSW was dismissed so that this case could proceed. For the reasons identified below, his complaint will be ordered served on Defendants. Plaintiff will be granted leave to proceed *in forma pauperis* by separate order.

**DISCUSSION**

**I.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that

---

[1] Formerly San Quentin State Prison.

are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id*. at 633.

**II.     Legal Claims**

Plaintiff alleges that defendants, his doctor Dr. Yao Cohen, and an Americans with Disabilities Act (ADA) coordinator T. Shorter at SQRC, were deliberately indifferent to his safety in removing his chrono precluding him from living anywhere requiring stairs. ECF 1 at 2. Plaintiff has only one functioning eye and poor depth perception. *Id.* Plaintiff was housed on the fifth floor at SQRC in July of 2022, and Dr. Yao Cohen took away his ADA status. *Id.* Plaintiff fell on the stairs in July 2022 and injured his shoulder and was still going to physical therapy for his shoulder as of September 11, 2023. *Id.* Plaintiff wrote to the Prison Law Office after he was housed at SQRC, who wrote to CDCR on August 1, 2022 and asked that Plaintiff be immediately evaluated for a lower tier placement and no-stairs chrono. *Id.* at 19. Plaintiff spoke with representatives from the Prison Law Office on October 13, 2022, who asked CDCR attorneys on November 1, 2022, to consider reinstating Plaintiff's vision disability code and transferring him to an institution with level ground. *Id.* at 18. The Prison Law Office wrote to Plaintiff in May 2023, noting that Plaintiff appeared to have a disability code for level terrain only, as well as a bottom bunk and limited stairs chrono. ECF 10 at 24.

Plaintiff states that he has his ADA status back after being transferred out of SQRC, but he seeks retrospective relief for the injury to his shoulder caused by his fall at SQRC. ECF 10 at 39. Plaintiff attaches documentation of an MRI he received on July 7, 2023, showing "mild degenerative changes," as well as "diffuse tendinosis . . . of the supraspinatus tendon with a small, focal, full-thickness tear anteriorly at its insertion" and "tendinosis . . . of the subscapularis." *Id.* at 35. Plaintiff seeks compensatory and punitive damages. ECF 1 at 5.

Liberally construed, Plaintiff has stated a claim for relief under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official is deliberately indifferent if he or she knows that prisoner faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The following defendants at San Quentin Rehabilitation Center shall be served: Dr. Yao Cohen and ADA Coordinator T. Shorter. Service on the defendants shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, (Docket No. 1), this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve by mail a copy of this order on Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the California Attorney General's Office,

3

1   which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s)

2   who are waiving service and, within 28 days thereafter, shall file a magistrate judge jurisdiction

3   consent or declination to consent form as to the defendant(s) who waived service.

4   Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each

5   defendant who has not waived service according to the CDCR Report of E-Service Waiver a

6   USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies

7   of this order, the summons, the operative complaint and notice of assignment of prisoner case to a

8   magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent

9   form for service upon each defendant who has not waived service.  The clerk also shall provide to

10  the USMS a copy of the CDCR Report of E-Service Waiver.

11  2.    To expedite the resolution of this case, the Court orders as follows:

12  No later than sixty (60) days from the date of service, defendant(s) shall file a motion for

13  summary judgment or other dispositive motion.  The motion shall be supported by adequate

14  factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and

15  shall include as exhibits all records and incident reports stemming from the events at issue.  If

16  defendant(s) are of the opinion that this case cannot be resolved by such a motion, they shall so

17  inform the Court prior to the date that such motion is due.  All papers filed with the Court shall be

18  promptly served on Plaintiff.

19  At the time the dispositive motion is served, defendant(s) shall also serve, on a separate

20  paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th

21  Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003); *see Woods

22  v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (finding that *Rand* and *Wyatt* notices must be given

23  at the time motions for summary judgment or motion to dismiss for non-exhaustion are filed, not

24  earlier); *Rand*, 154 F.3d at 960 (establishing the separate paper requirement).

25  3.    Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court

26  and served upon defendant no later than thirty days from the date the defendant's motion is served

27  upon him. Additionally, Plaintiff must read the attached page headed "NOTICE – WARNING,"

28  which is provided to him pursuant to *Rand*, 154 F.3d at 953-54, and *Klingele v. Eikenberry*, 849

F.2d 409, 411-12 (9th Cir. 1988).

If defendant files a motion for summary judgment claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take note of the attached page headed "NOTICE – WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

If defendant wishes to file a reply brief, he shall do so no later than fourteen days after the opposition is served. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date. All communications by Plaintiff with the Court must be served on defendant, or defendant's counsel, if and when counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

Finally, it is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: March 12, 2024

KANDIS A. WESTMORE
United States Magistrate Judge